Filed 2/1/21  P. v. Anderson CA2/1
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL ANDERSON,<br><br>    Defendant and Appellant. | B306686<br><br>(Los Angeles County<br>Super. Ct. No. BA271932) |

        APPEAL from an order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

        John F. Schuck, under appointment by the Court of Appeal, and Samuel Anderson, in pro. per., for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

Samuel Anderson appeals from an order denying a motion filed in the trial court seeking a modification of his judgment and his release from prison without parole.  We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2005, a jury found Samuel Anderson guilty of assault with a deadly weapon (a knife).  (Pen. Code,[1] § 245, subd. (a)(1).)  The court found two prior strike allegations to be true and sentenced Anderson under the "Three Strikes" law to prison for 25 years to life.  In 2006, this court affirmed the judgment in an unpublished opinion.  (*People v. Anderson* (Apr. 19, 2006, B183767).)

On May 8, 2020, Anderson filed a motion in the superior court titled, "California Penal Code 1260 Reversal, Affirmance or Modification of Judgment."  Anderson requested the court to modify his judgment "and release [him] without any parole."  In support of his motion he relied on the Public Safety and Rehabilitation Act of 2016 (Proposition 57) and section 1016.8.

The court denied the motion, explaining that Proposition 57 "only provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings (Cal. Const., [art. I, § 32, subd. (a)]).  There is no resentencing option in the [s]uperior [c]ourt.  The documents provided by the [d]efendant indicate that the Office of Appeal for the Department of Corrections has reviewed the [d]efendant's file with him at length.  This court declines to take any action at this time."

Anderson filed a timely notice of appeal.

---

[1] Subsequent unspecified statutory references are to the Penal Code.

We appointed counsel for Anderson, who filed a brief raising no issues and requesting that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Counsel provided Anderson with a copy of the record and his brief, and informed Anderson that he had the right to file a supplemental brief. Counsel stated that he remains available to brief any issues upon our request.

Anderson thereafter filed a petition for writ of habeas corpus in this court, which we deemed a supplemental brief for purposes of *Serrano* and *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038 (*Cole*), review granted October 14, 2020, S264278. Anderson repeats the arguments he asserted below and adds the contention that his counsel on appeal rendered ineffective assistance by filing a brief pursuant to *Serrano*. He requests that he "be released from the custody of the Department of Corrections and Rehabilitation, 'immediately,' without any further delay."

## DISCUSSION

Anderson contends that he should be released from prison without parole pursuant to Proposition 57. Proposition 57 added section 32 to article I of the California Constitution, and provides in part: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (Cal. Const., art. I, § 32, subd. (a), par. (1).) For such persons sentenced under the Three Strikes law, "the full term for his [or her] primary offense" is the maximum term the person would have been sentenced for the primary offense if "the Three Strikes law alternative sentencing scheme had not

3

existed at the time of [the defendant's] sentencing." (*In re Edwards* (2018) 26 Cal.App.5th 1181, 1192.)

Even if Anderson qualifies for relief under Proposition 57, the available relief is eligibility for parole consideration; nothing in Proposition 57 or the cases Anderson cites supports his requested relief of immediate release from prison. Furthermore, as the superior court explained, Proposition 57 does not provide for resentencing or modification of his judgment in the superior court. The court, therefore, properly denied Anderson's request for relief based on Proposition 57.

Anderson next asserts that the 1977 and 1979 convictions the trial court relied on in sentencing him in 2005 under the Three Strikes law were based on plea bargains and that, by using those convictions to impose a Three Strike sentence, the state has breached the agreements. He relies on section 1016.8.

The Legislature enacted section 1016.8 in 2019 in response to a report that a particular district attorney's office was including a provision in plea agreements whereby the defendant agreed to waive " 'all future potential benefits of any legislative actions or judicial decisions or other changes in the law that may occur after the date of this plea,' " and a statement in a 2019 Court of Appeal decision indicating that such a waiver would be enforceable. (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153, citing Sen. Com. on Public Safety, Analysis of Assem. Bill No. 1618 (2019–2020 Reg. Sess.) July 1, 2019, pp. 6-7.) By enacting section 1016.8, the Legislature "intended to 'make such provisions in a plea bargain void as against public policy.' " (*People v. Barton*, *supra*, at p. 1153.)

Anderson did not provide the superior court or this court with the terms of his plea agreements. Even if they included

4

the type of waiver that section 1016.8 declares void, the statute would not help him because he is not seeking to obtain the *benefit* of changes in any law that postdate his plea bargains. Rather, he is seeking to avoid the *adverse* effect of the Three Strikes law as applied to his 2005 convictions. Section 1016.8 has no application here.

Lastly, Anderson contends that by filing a brief pursuant to *Serrano* his appellate counsel deprived him of his right to the effective assistance of counsel. We disagree. Our review of the record and consideration of Anderson's supplemental brief does not disclose any arguable issues on appeal. Anderson has not, therefore, been deprived of his right to the effective assistance of appellate counsel. (See *Smith v. Robbins* (2000) 528 U.S. 259, 285–286 [appellate counsel is not deficient for failing to find arguable issues on appeal when defendant fails to establish the existence of an arguable issue].)

We are satisfied that Anderson's counsel has fulfilled his responsibilities (see *People v. Cole, supra,* 52 Cal.App.5th at p. 1038, review granted Oct. 14, 2020, S264278) and conclude that the appeal raises no arguable issues.

## DISPOSITION

The court's order dated May 8, 2020 is affirmed.

NOT TO BE PUBLISHED.


                                          ROTHSCHILD, P. J.

We concur:



CHANEY, J.



FEDERMAN, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.